**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:17-CR-0137 AWI SKO** |
| Plaintiff | **ORDER RE: DEFEDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| v. | |
| **GREVIN MARIO MORALES, SR.,** | |
| Defendant | **(Doc. 102)** |

### I. Background

On December 28, 2018, Defendant Grevin Mario Morales, Sr. pled guilty to one count of 18 U.S.C. § 21 U.S.C. §§ 846 and 841(a)(1) conspiracy to distribute and possession with intent to distribute methamphetamine. He was sentenced to 100 months imprisonment and 60 months of supervised release. Defendant's projected release date is January 16, 2026. He is currently housed at USP Lompoc.

On April 9, 2020, Defendant sent a written request for compassionate release to the warden of FCC Lompoc (which comprises of both USP and FCI Lompoc). Doc. 103-4. It does not appear that Defendant has ever received a response to this request. Defendant's stated reasons for the request is that he suffers from underlying health risks of diabetes and nerve damage which makes him more susceptible to a severe case of COVID-19. Defendant is 49 years old.

### II. Legal Standard

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States

v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).  Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i).  Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances…defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.  Further, in addition to demonstrating "extraordinary and compelling circumstances," a prisoner must also show that he is no longer a danger to a specific person or the community. See United States v. Jones, 2020 U.S. Dist. LEXIS 144010, *8-*9 (N.D. Cal. Aug. 10, 2020); United States v. Dailey, 2020 U.S. Dist. LEXIS 139977, *3-*4 (E.D. Cal. Aug. 5, 2020); United States v. Pickard, 2020 U.S. Dist. LEXIS 130578, *15 (E.D. Cal. July 22, 2020).  "The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." United States v. Greenhut, 2020 U.S. Dist. LEXIS 17139, *3 (C.D. Cal. Jan. 31, 2020), citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

### III. Discussion

Defendant has complied with the administrative exhaustion requirement.  There has been no response to Defendant's letter.  Under these circumstances, § 3582(c)(1)(A)'s "limited futility exception" applies. See United States v. Gonzalez, 2020 U.S. Dist. LEXIS 196912, *5 (E.D. Cal. Oct. 22, 2020).

On the merits Defendant must demonstrate both extraordinary and compelling circumstances and a lack of danger.  Defendant's assertions regarding those circumstances is that he "has increased risk factor to exposure to SARS-CoV-2" due to his Type 2 diabetes mellitus. Doc. 103, 3:3-5.  It is well recognized that a person with Type 2 diabetes has "an increased risk of sever illness from COVID-19, as set forth by the Centers for Disease Control. Doc. 106, 8:13-14. Defendant states that he initially "did not qualify for insulin because he did not have a recent Hb A1c of 9.4." Doc. 103, 3:7-8.  However, Defendant appears to have been prescribed insulin starting on April 14, 2020. Doc. 103-1.  Other recent compassionate release court opinions note that inmates at Lompoc have been provided appropriate medical resources to treat diabetes. United States v. Baldwin, 2020 U.S. Dist. LEXIS 189666, *16 (E.D. Cal. Oct. 9, 2020); see also United States v. Bruce, 2020 U.S. Dist. LEXIS 161688, *13 (failure to establish that the "medical staff at FCI La Tuna are unable to treat his underlying health conditions [diabetes and hypertension], or that they are unable to adequately manage the COVID-19 outbreak" does not justify compassionate release).  In other cases from the Eastern District, it was the "combined conditions of diabetes, hypertension and asthma" that constituted an extraordinary and compelling reason warranting sentence reduction in light of the COVID-19 pandemic. See United States v. Bradley, 2020 U.S. Dist. LEXIS 119962, *13 (E.D. Cal. July 6, 2020).

As of November 12, 2020, there is only one inmate and one staff member at FCC Lompoc who currently have COVID-19. See https://www.bop.gov/coronavirus/.  While there was large scale outbreak of the disease, that appears to be over.  Courts within this district have found that, despite the past failure to contain COVID-19 among its inmate population, Lompoc has implemented sufficient protocols such that it is now able to adequately respond, monitor, and care for its inmates. See Poole, 2020 U.S. Dist. LEXIS 144803 at *8; Bowen, 2020 U.S. Dist. LEXIS 144071 at *14-15 (citing United States v. Eddings, 2020 U.S. Dist. LEXIS 90558, 2020 WL 2615029, *2 (E.D. Cal. May 22, 2020) and United States v. Purry, 2020 U.S. Dist. LEXIS 92857 (D. Nev. May 28, 2020)). At this time, Lompoc officials appear to be containing and managing the situation appropriately.

### IV. Order

Defendant's motion for compassionate release is DENIED.

IT IS SO ORDERED.

Dated:  November 24, 2020                    _____
                                              SENIOR DISTRICT JUDGE